UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

THOMAS WHITE,

    Movant

v.                            CIVIL ACTION NO. 2:04-00026
                                  (Criminal No. 2:02-00244)

UNITED STATES OF AMERICA,

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending before the court is movant's motion pursuant to 28 U.S.C. § 2255, filed January 12, 2004, seeking the vacatur, set aside, or correction of his sentence of 78 months imprisonment imposed on March 13, 2003.

I.

In support of his section 2255 motion, movant alleges his trial counsel provided ineffective assistance when he failed to (1) pursue a voluntary intoxication defense, (2) seek a jury instruction with regard to movant's inability to form the necessary specific intent to commit the crime of arson, and (3) call movant's cousin, Gary White, who was also involved in the offenses for which movant was ultimately convicted, as a defense

1

witness. Movant further maintains that the cumulative effect of these errors, in addition to the "retroactive misjoinder" of multiple counts, undermined the fundamental fairness of the trial.

On September 7, 2004, movant sought leave to amend his section 2255 motion to assert an additional claim under the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). The magistrate judge denied this request by order dated March 4, 2005. Also on March 4, 2005, the magistrate judge issued proposed findings and recommendation which, after a thorough consideration of movant's allegations of error, recommends that the court deny movant's section 2255 motion in its entirety.

On March 23, 2005, movant filed objections that address both the proposed findings and recommendation and the magistrate judge's order denying his request for leave to amend his section 2255 motion.[1] After reviewing the proposed findings and

---

[1] The objections to the proposed findings and recommendation were due on March 21, 2005; however, defendant's certificate of service states that the objections were served on March 20, 2005. Accordingly, the court concludes the objections were timely filed. See Houston v. Lack, 487 U.S. 266, 276 (1988); U.S. v. Brown, 2005 WL 1519185 (4th Cir. June 28, 2005)(applying Lack and holding that objections to proposed findings and recommendation dated as having been served prior to the expiration of time

2

recommendation and objections thereto, the court adopts the magistrate judge's recitation of the facts and procedural history and further notes that it need not revisit those facts to resolve the movant's objections.

The bulk of movant's objections raise arguments previously asserted in his original motion that were fully and adequately addressed in the magistrate judge's analysis. Accordingly, the court will not restate the magistrate judge's discussion with respect to those arguments. The court, however, has gleaned the following specific objections, related to movant's claim of ineffective assistance of counsel, that were not addressed in the proposed findings and recommendation: (1) an evidentiary hearing and expert testimony is necessary to resolve the issue of whether movant was in fact grossly intoxicated at the time the offenses were committed; (2) an evidentiary hearing is necessary to resolve the issue of whether movant's counsel should have called Gary White as a witness; and (3) movant is entitled to relief under the Supreme Court's decisions in <u>Booker</u> and <u>Blakely</u>.

---

period for filing objections but not actually filed until after the period had run should be deemed timely filed).

## II.

All three objections are without merit and subject to summary disposition.  Contrary to movant's assertion, the magistrate judge did not make a "finding" that the movant was not grossly intoxicated on the night the offenses were committed; rather, the magistrate judge simply noted that the record, including defendant's own testimony that he had a clear recollection of a number of events that occurred on that night, did not support a finding of gross intoxication.  The court, having conducted a *de novo* review, concludes that inasmuch as it is clear from the pleadings, files, and record that movant is not entitled to relief with respect to his allegation that trial counsel was ineffective when he failed to pursue a voluntary intoxication defense, an evidentiary hearing and expert testimony are not necessary to resolve this claim.  See 28 U.S.C. § 2255; Raines v. United States, 423 F.2d 526 (4th Cir. 1970).

Additionally, there is no factual dispute with respect to movant's allegations that his trial counsel should have called Gary White as a witness, and the magistrate judge aptly concluded this claim is meritless.  See United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000) (an evidentiary hearing is only necessary where a movant presents a colorable Sixth Amendment

claim showing disputed material facts and a credibility determination is necessary to resolve the issue). Thus, no evidentiary hearing is necessary to resolve this claim as well.

Furthermore, the magistrate judge did not err in denying movant's request to amend his section 2255 motion to assert a claim under <u>Blakely</u>. A court need not grant leave to amend a complaint where the proposed amendment would be futile. <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000) (internal citations omitted). The United States Court of Appeals for the Fourth Circuit has held that neither <u>Blakely</u> nor <u>Booker</u> is available for post-conviction relief sought by federal prisoners whose convictions became final before the decisions in those two cases. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). Inasmuch as it is undisputed that the movant's conviction became final prior to the Supreme Court's decisions in <u>Blakely</u> and <u>Booker</u>, movant is not entitled to amend his section 2255 motion to assert a futile <u>Blakely</u>/<u>Booker</u> claim.

For all the foregoing reasons, along with those found in the proposed findings and recommendation of the magistrate judge, which are hereby adopted and incorporated herein, the court concludes that the movant's section 2255 motion should be denied.

5

III.

It is, accordingly, ORDERED that movant's section 2255 motion be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: June 20, 2006

_____
John T. Copenhaver, Jr.
United States District Judge